UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CALVIN KING,

    Petitioner,

v.

STATE OF MINNESOTA,

    Respondent.

Civil No. 10-1815 (PJS/JSM)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed without prejudice pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.    BACKGROUND**

Petitioner is a prisoner at the Minnesota Correctional Facility at Lino Lakes, Minnesota. He is serving a 92-month prison sentence that was imposed in the State District Court for Ramsey County, Minnesota. Petitioner was sentenced pursuant to a plea agreement, by which he pled guilty to a state law offense involving possession of a controlled substance. (Petition, p. (2), §§ 1-5.)

After Petitioner was convicted and sentenced, he filed a direct appeal claiming that his guilty plea and sentence should be vacated because (1) the trial court judge erroneously denied Petitioner's motion to withdraw his guilty plea; (2) the trial court judge

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

erroneously denied Petitioner's motion for a "downward departure" at sentencing; (3) "breach and inducement of plea, relinquishment of rights, [and] plea not being accepted;" and (4) the trial court judge improperly participated in the plea negotiations and agreement. (Id., p. (3), § 9(d).) The Minnesota Court of Appeals rejected all of Petitioner's arguments, and affirmed his conviction and sentence. State v. King, No. A08-1238 (Minn.App. 2009), 2009 WL 2497388 (unpublished opinion).

Petitioner sought further review in the Minnesota Supreme Court, based on the same claims that he presented to the Court of Appeals. (Petition, p. (3), § 9(e)(4).) However, Petitioner's request for further review was denied by the State Supreme Court on October 28, 2009. King, supra. Thereafter, Petitioner did not seek further review of his conviction and sentence, until he filed his present habeas corpus petition. (Petition, p. (3), § 10.)

The present petition lists three grounds, which Petitioner has identified as follows:

(1) "Conviction obtained by plea of guilty which was unlawfully Induced or not made voluntarily with understanding of the consequences."

(2) "Conviction obtained by use of coerced confession."

(3) "Denial of effective assistance of counsel."

(Id., pp. (5)-(6), § 12.)

However, it plainly appears on the face of the petition that one of Petitioner's current claims for relief – namely his ineffective assistance of counsel claim, (Ground Three) – has not been fairly presented to the Minnesota state courts. Thus, the Court finds that Petitioner has not satisfied the exhaustion of state court remedies requirement prescribed by federal law and the United States Supreme Court.

## II.     DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies.  28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982).  This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged errors raised by state prisoners.  O'Sullivan, 526 U.S. at 844; Rose, 455 U.S. at 518-19; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).  To satisfy the exhaustion of state court remedies requirement, a prisoner must fairly present his or her claims to the highest available state court before seeking relief in federal court.  O'Sullivan, 526 U.S. at 845.

The United States Supreme Court has explained the exhaustion of state court remedies requirement as follows:

> "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.'... [Citations omitted.]  To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. [Citations omitted]."

Baldwin v. Reese, 541 U.S. 27, 29 (2004) (emphasis added).

It is also well established that a habeas petitioner must exhaust his state court remedies for all of the claims that he seeks to raise in a federal habeas corpus petition.  A "mixed petition" -- i.e., one that includes both exhausted and unexhausted claims -- must be dismissed for non-exhaustion.  Rose, 455 U.S. at 510, 522.

Here, it clearly appears that one of Petitioner's current grounds for relief has not been fairly presented to the Minnesota state courts. At "Ground Three" of the present petition, Petitioner claims that he was deprived of his constitutional right to effective assistance of counsel. However, this claim is conspicuously missing from Petitioner's own description of the claims that he previously presented to the Minnesota Court of Appeals and the Minnesota Supreme Court. (See Petition, p. (3), §§ 9(d) and 9(e)(4).)[2] Because Petitioner's current ineffective assistance of counsel claim has not been fairly presented to the Minnesota appellate courts, that claim is "unexhausted" for federal habeas purposes.

Moreover, there is a state court remedy that might still be available for Petitioner's unexhausted claims -- namely a motion for post-conviction relief brought under Minn.Stat. § 590.01. Historically, Minnesota state courts have held that claims of ineffective assistance of trial counsel can be raised in post-conviction proceedings if, (but only if), the claim cannot be resolved on direct appeal based on the existing record. See Chambers v. State, 769 N.W.2d 762, 763-64 (Minn. 2009) ("[w]hen a claim of ineffective assistance of counsel can be determined from the trial record, it must be brought on direct appeal...; [i]f, however, the claim requires examination of evidence outside the trial record and additional fact-finding, then the claim is not procedurally barred," and may be raised in a post-conviction motion).

In this case, it is unclear whether Petitioner's current ineffective assistance of counsel claim could be resolved based on the existing record, or whether additional fact-finding is necessary. Thus, it is unclear whether Petitioner's ineffective assistance of

---

[2] The Court also notes that there is no mention of any ineffective assistance of counsel claim in the Minnesota Court of Appeals' decision on Petitioner's direct appeal. See King, 2009 WL 2497388.

4

counsel claim could properly be entertained in a state post-conviction motion. However, the Court finds that it would be preferable to have the Minnesota state courts, rather than the federal district court, decide whether or not Petitioner's unexhausted claim of ineffective assistance of counsel can still be heard and decided on the merits in the state courts. See Nelson v. Solem, 714 F.2d 57, 60 (8th Cir. 1983) ("[b]ecause there has been no showing that further resort to state procedures for post-conviction relief would be futile, we affirm the district court's decision to dismiss [the] habeas petition without prejudice for lack of exhaustion").[3]

Because Petitioner has failed to exhaust his state court remedies for his ineffective assistance of counsel claim, he has filed a "mixed petition." The Court must therefore recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules. It will be recommended that the action be dismissed without prejudice, however, so that Petitioner can return to the state courts and attempt to exhaust his presently unexhausted claim.[4] Petitioner may return to federal court, (if necessary), after the state courts, including the Minnesota Supreme Court, have reviewed and decided all of the

---

[3] If the state courts were to reject Petitioner's presently unexhausted claim because of a state procedural rule, that claim would be procedurally defaulted, and it would not be reviewable in a future federal habeas proceeding, except upon a showing of sufficient cause and prejudice to excuse the procedural default, or clear proof of actual innocence. Coleman v. Thompson, 501 U.S. 722, 750 (1991). See also Jones v. Jerrison, 20 F.3d 849, 853 (8th Cir. 1994), ("[f]ederal courts will not review a procedurally defaulted claim because 'a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance'"), quoting Coleman, 501 U.S. at 732.

[4] If Petitioner pursues this option, he should be mindful of the one-year statute of limitations prescribed by 28 U.S.C. § 2244(d). It appears that the statute of limitations has not yet expired in this case, and the statute will be tolled, pursuant to 28 U.S.C. § 2244(d)(2)), while any post-conviction proceedings are pending in the state courts. However, Petitioner could face a statute of limitations issue in the future, if he does not diligently pursue state post-conviction relief.

5

claims that he seeks to present in federal court.  See Ashker v. Leapley, 5 F.3d 1178, 1180 (8th Cir. 1993).  See also Nelson, supra.

There is a second alternative to dismissal of this Petition.  A state prisoner who files a mixed habeas petition can elect to abandon his unexhausted claims, and proceed with an amended petition that includes only his fully exhausted claims.  Jackson v. Domire, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam); Victor v. Hopkins, 90 F.3d 276, 282 (8th Cir. 1996), cert. denied, 519 U.S. 1153 (1997); Doty v. Lund, 78 F.Supp.2d 898, 904 (N.D.Iowa 1999).  Therefore, if Petitioner would like to exercise that option here, and abandon his ineffective assistance of counsel claim, he can file an amended petition that includes only fully exhausted claims, but he should do so before the deadline for filing objections to this Report and Recommendation.  If Petitioner does not file such an amended petition before that deadline, it is the Court's recommendation that Petitioner be deemed to have waived the option to amend, and that the action then be summarily dismissed without prejudice.  Petitioner should note that if he does file an amended petition that includes only his exhausted claims, he presumably will be barred from raising any other claims in any future (successive) federal habeas petition.  See 28 U.S.C. § 2244(b)(2).

Finally, the Court notes that Petitioner did not pay the $5.00 filing fee for this action.  Ordinarily, that omission would have prompted the Court to hold Petitioner's submissions in abeyance until he paid the proper filing fee, (or applied for leave to proceed in forma pauperis).  However, it is readily apparent that this action will have to be summarily dismissed for the reasons discussed herein, and addressing the fee issue would only delay the inevitable dismissal of this action.  But if Petitioner elects to file an amended petition that presents only fully-exhausted federal constitutional claims, he will have to either pay the $5.00 filing fee, or obtain IFP status.

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that this action be summarily **DISMISSED WITHOUT PREJUDICE**, unless, before the deadline for filing objections to this Report and Recommendation, Petitioner files an amended habeas corpus petition listing only his fully exhausted claim(s).

Dated: April 29, 2010

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by May 13, 2010, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.