UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CALVIN KING,                                            Civil No. 10-1815 (PJS/JSM)

      Petitioner,

                                       **REPORT AND RECOMMENDATION**

v.

STATE OF MINNESOTA,

      Respondent.

This matter is before the undersigned United States Magistrate Judge on Petitioner's Second Amended Petition for habeas corpus relief under 28 U.S.C. § 2254. [Docket No. 9]. The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

## I.    BACKGROUND

Petitioner is a prisoner at the Minnesota Correctional Facility at Lino Lakes, Minnesota. He is serving a 92-month prison sentence that was imposed in the State District Court for Ramsey County, Minnesota. See Second Amended Petition [Docket No. 9], p, 1 ¶¶ 1, 3. The state charged petitioner with two counts of first-degree controlled-substance crime and one count of felon in possession of a firearm in violation of Minn.Stat. § 152.021, subd. 2(1) (2004) and Minn. Stat. § 624.713, subd. 1(b) (2004). Petitioner was sentenced pursuant to a plea agreement, by which he pled guilty to a state law offense involving possession of a controlled substance. See Second Amended Petition, p. 1, ¶ 5.

After petitioner was convicted and sentenced, he filed a direct appeal to the Minnesota Court of Appeals claiming that his guilty plea and sentence should be vacated because the trial court abused its discretion under Rule 15.05 of the Minnesota Rules of

Criminal Procedure[1] when it denied petitioner's motion to withdraw his guilty plea prior to sentencing. Specifically, petitioner argued that it was fair and just for him to withdraw his plea because he did not understand the plea agreement or what was expected of him in order to obtain the state's agreement for a downward departure. See Appendix to Answer to Petition for Writ of Habeas Corpus by State Prisoner ("Appx."), A15-A17. Petitioner also argued that any prejudice to the state resulting from allowing him to withdraw his plea was outweighed by the injustice done to him. Id., A18-A19. In his second claim on appeal, petitioner argued that the trial court abused its discretion despite the fact that he had participated in chemical dependency treatment and had cooperated with law enforcement, it refused to grant his request for a downward departure from the Minnesota Sentencing Guidelines. Id., A20-A21.

Petitioner also submitted a Pro Se Supplemental Brief in which he asserted several additional claims for appeal. In his first claim, petitioner argued that the prosecution breached the plea deal and induced a guilty plea. Id., A29. Petitioner relied on several federal cases, including Santobello v. New York, 404 U.S. 257 (1971), which he asserted stood for the proposition that "a prosecutor who induces a defendant to plead guilty based on certain promises has a duty to keep those promises. The Court unanimously agreed that

---

[1]       Rule 15.05 provides in relevant part:

> In its discretion the court may allow the defendant to withdraw a plea at any time before sentence if it is fair and just to do so. The court must give due consideration to the reasons advanced by the defendant in support of the motion and any prejudice the granting of the motion would cause the prosecution by reason of actions taken in reliance upon the defendant's plea.

Minn. R. Crim. P. 15.05, subd. 2.

santobello [sic] had a constitutional right to a remedy for a broken plea bargain (Due process clause)." Id., A30.  In his second claim, petitioner submitted that the trial court did not make sure that he understood the nature of the charge against him, including the relinquishment of his constitutional rights.  Id., A31.  In the third claim, relying on state law,  petitioner contended that because the trial court stated that it was not accepting the plea agreement, the plea was invalid.  Id., A32.  In his final pro se claim, and again relying on state law, petitioner asserted that the trial court improperly interjected itself in the plea agreement negotiations when it stated that the police should let it and the prosecution know if petitioner's cooperation warranted a sentencing departure.  Id., A33.  Petitioner sought to withdraw his plea, or in the alternative, be given a downward departure and be placed on probation.  Id., A34.

The Minnesota Court of Appeals rejected all of petitioner's arguments, and affirmed his conviction and sentence.  State v. King, No. A08-1238, 2009 WL 2497388 (Minn. Ct. App. Aug. 18, 2009).  As to his pro se claims, the appellate court concluded that the record indicated that appellant understood his plea and the rights he was waiving, in light of his experience in the criminal justice system; the trial did not reject the plea – rather it had delayed the acceptance of plea until after the presentencing investigation, which was proper under Rule 15.04 of the Minnesota Rules of Criminal and did not provide petitioner with the absolute right to withdraw his guilty plea; and the trial court did not interject itself into negotiations when it made statements regarding the plea agreement, as there was no negotiation that took place at the sentencing hearing.  Id. at *6.  In rendering its decision, the Minnesota Court of Appeals did not address any constitutional right that upon which petitioner claimed he had been deprived, nor did it cite to any federal case law, statute, constitutional provision or amendment.

Petitioner sought further review in the Minnesota Supreme Court. Petitioner argued that the trial court improperly denied his motion to withdraw his guilty plea and motion for a downward sentencing departure, given that the terms of his pleas were vague and the Minnesota Court of Appeals had failed to properly analyze whether he should have been allowed to withdraw his guilty plea under Rule 15.04 and State v. Kaiser, 469 N.W.2d 316, 319 (Minn. 1991). See Appx., A61-A62, A65. The petition for review did not raise any constitutional claims nor cite to any federal case law. In addition, the petition for review did not address the claims asserted by petitioner in his pro se brief to the Minnesota Court of Appeals nor was this brief attached to the petition for review.

Petitioner's request for further review was denied by the Minnesota Supreme Court on October 28, 2009. See Appx., A109.

Petitioner did not seek further review of his conviction and sentence, until he filed his initial habeas corpus petition. In that initial petition, petitioner presented three grounds:

(1) "Conviction obtained by plea of guilty which was unlawfully Induced or not made voluntarily with understanding of the consequences."

(2) "Conviction obtained by use of coerced confession."

(3) "Denial of effective assistance of counsel."

Petition [Docket No. 1], pp. 5-6, § 12.

On April 29, 2010, this Court issued a Report and Recommendation [Docket No. 4] finding that "one of Petitioner's current claims for relief – namely his ineffective assistance of counsel claim, (Ground Three) – has not been fairly presented to the Minnesota state courts. Thus, the Court finds that petitioner has not satisfied the exhaustion of state court remedies requirement prescribed by federal law and the United States Supreme Court." Id., p. 2. Because of the "mixed" Petition, the Court gave the petitioner the choice of

abandoning his unexhausted claims, and proceeding with an amended petition that only included his fully exhausted claims, or allowing his Petition to be dismissed without prejudice in its entirety so that he could return to the state courts and attempt to exhaust his presently unexhausted claim.  Id., pp. 5-6.

Petitioner subsequently filed a one-page self-styled document entitled "Amended Petition of Habeas Corpus Relief 28 U.S.C. § 2254" ("Amended Petition").  See Docket No. 6.  The Amended Petition listed the following claims: (1) the trial court judge erroneously denied petitioner's motion to withdraw his guilty plea; (2) the trial court judge erroneously denied petitioner's motion for a downward departure at sentencing; (3) relinquishment of rights and his plea not being accepted; (4) the trial court judge improperly participated in the plea negotiations and agreement; and (5) breach and inducement of plea.  Id.

By reason of that Amended Petition, the District Court Judge declined to dismiss this action, and remanded the case to this Court for further proceedings.  See May 11, 2010 Order [Docket No. 7].

On May 12, 2010, this Court issued an Order addressing petitioner's Amended Petition of Habeas Corpus Relief 28 U.S.C. § 2254.  See Docket No. 8.  In the Order, the Court found that :

> Petitioner's amended petition leaves much to be desired. While Petitioner's original petition listed three grounds for relief, it appears that he is now attempting to advance five grounds for relief.  However, Petitioner has not presented any facts or legal arguments in support of any of his current grounds for relief.  Furthermore, Petitioner has not shown that he has fully exhausted all available state court remedies for all of his current claims, as required by § 2254(b), and by the Supreme Court decisions cited in this Court's previous Report and Recommendation in this case.  In short, Petitioner's current amended petition is plainly inadequate.

Id., pp. 1-2.

The original petition and Amended Petition were stricken by the Court. Id., p. 2. To the extent that petitioner sought to continue to prosecute the present action this Court required him to submit a new Second Amended Petition by June 1, 2010, using the form prescribed for use in this District. Id. In addition, the Court required that the Second Amended Petition "show that Petitioner has fully exhausted his state court remedies for each claim presented – i.e., petitioner must show that each claim has already been fairly presented to, and decided on the merits by, the Minnesota Supreme Court." Id. (emphasis in original). Further, the new petition was to include a full description of the factual and legal bases for each individual claim for relief that is raised. Id.

On May 18, 2010, petitioner's Second Amended Petition was filed with the Court. See Docket No. 9. Petitioner's current habeas corpus petition lists five grounds for relief:

(1)    The district court denied Petitioner's motion to withdraw his guilty plea, when the plea had not been accepted, and it would have been fair and just to do so, and where the state would not have been unduly prejudiced as a result.

(2)    The trial court abused its discretion in denying motion where the Petitioner had participated in chemical dependancy treatment and cooperated with law enforcement.

(3)    The prosecutor breached and induced a guilty plea where the prosecution stated that "in the future it will agree to motion for downward departure in a change in circumstances, meaning Petition [sic] cooperation with law enforcement.  If a plea is induced by promise they must in some way be know or this is a misapprehension of conditions and breach of plea."

(4)    "Relinquishment of Rights\Accept or Reject Plea." Petitioner asserted that he never relinquished his rights in front of the trial court when he asked if his plea was bring accepted and the trial court never accepted the plea "and when ask it state [sic] it wasn't at this time and a review hearing will be set for that matter, and the term change in circumstances."

(5)    The trial court participated in the plea agreement and negotiation by interjecting itself in the plea when it stated that the police would let the

court and the prosecution know if Petitioner's cooperation warranted a departure and "when it stated my guss [sic] is we meant by that if his cooperation was sufficaint. [sic]  Show that it put it's [sic] self as the interpreter and one of the parties in the agreement."

Second Amended Petition, pp. 3-6, ¶ 12.

In its response to the Second Amended Petition, respondent argued that the it should dismissed with prejudice because petitioner failed to present his federal law claims to highest state court available.  See Answer to Petition for Writ of Habeas Corpus by State Prisoner [Docket No. 11], p. 3.  The respondent pointed to the fact that petitioner's brief to the Minnesota Court of Appeals did not identify any federal aspect to the claims raised on appeal.  Id., p. 4.  Respondent acknowledged that petitioner referred to federal law and authority in his pro se submission to the Minnesota Court of Appeals, however, respondent noted that the decision by the Minnesota Court of Appeals relied solely on state law, and did not cite to any federal or authority in its decision.  Id.  Further, respondent claimed that the petition for review to the Minnesota Supreme Court did not cite to any federal law or authority applicable to the claims at issue and did not attach the his pro se submission to the Minnesota Court of Appeals, and therefore, there were no references to any federal law or authority in any of the materials submitted by petitioner to the Minnesota Supreme Court. Id., pp. 4-5.  Finally, respondent asserted that petitioner procedurally defaulted on his right to raise the grounds listed in his Second Amended Petition, given that the claims were known or available at the time of his direct appeal and he has not shown cause for or prejudice from his failure to present his claims to the Minnesota Supreme Court.  Id., p. 5.

In his reply, petitioner argued that his appellate counsel's failure to  raise any federal issues to the Minnesota Supreme Court or to attach his pro se brief to the petition for review to the Minnesota Supreme Court constituted a miscarriage of justice and therefore, the

federal law aspects of his claims should be considered.  <u>See</u> Reply to Respondent Answer

to Writ of Habeas Corpus [Docket No. 13], pp. 1-3.

## II.    DISCUSSION

The United States Supreme Court has repeatedly held that "it is not the province of

a federal habeas court to reexamine state-court determinations on state-law questions.  In

conducting habeas review, a federal court is limited to deciding whether a conviction violated

the Constitution, law or treaties of the United States."  <u>Estelle v. McGuire</u>, 502 U.S. 62, 67

(1991); <u>see</u> <u>also</u> <u>Wainwright v. Goode</u>, 464 U.S. 78, 83 (1983) (per curiam) ("[i]t is axiomatic

that federal courts may intervene in the state judicial process only to correct wrongs of a

constitutional dimension").

Before a petitioner may present claims in a federal habeas petition, he must first

exhaust his state court remedies; he "does so by fairly presenting his federal constitutional

claims to the highest available state court."  <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 844-45

(1999).  A claim is unexhausted if the claim has not been fairly presented in one complete

round of the State's established appellate review process, (<u>Id.</u> at 845), but the petitioner has

the right, under state law, to raise the claim by any available procedure.  <u>See</u> 28 U.S.C.

§ 2254(c).[2]  Therefore, a prisoner must fairly present his federal constitutional claims to the

<u>highest available state court</u>–in this case, the Minnesota Supreme Court–before seeking

relief in federal court.  These requirements are based on the principles of comity and

federalism; their purpose is to ensure that state courts are given the first opportunity to

---

[2]      28 U.S.C. § 2254(c) states: "An applicant shall not be deemed to have
exhausted the remedies available in the courts of the State, within the meaning of this
section, if he has the right under the law of the State to raise, by any available procedure,
the question presented."

correct alleged federal constitutional errors raised by state prisoners. See O'Sullivan 526 U.S. at 844.

In order to exhaust his state court remedies and to insure that a federal claim has been fairly presented, the petitioner must refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue. McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997); see also Cox v. Burger, 398 F.3d 1025, 1031 (8th Cir.), cert. denied, 546 U.S. 844 (2005) ("To be fairly presented a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue. Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement.") (internal quotation marks and citations omitted). "Ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Baldwin v. Reese, 541 U.S. 27, 32 (2004). However, even if the opinion of the state court of appeals does not make any mention of a federal claim, a brief submitted to that court that sets forth the federal constitutional basis for a claim can satisfy the requirement that the petitioner "apprise the state court of his claim that the . . . ruling of which he complained was not only a violation of state law, but denied him the due process of law guaranteed by the Fourteenth Amendment." Dye v. Hofbauer, 541 U.S. 1, 4 (2005) (quoting Duncan v. Henry, 513 U.S. 364, 366 (1995) (per curiam)).

At best, petitioner raised a federal constitutional claim in his pro se submission to the Minnesota Court of Appeal that is relevant to the Third Ground in his Second Amended

Petition, where he stated he had a constitutional right to a remedy for a broken plea bargain agreement under the due process clause.  <u>See</u> Appx., A29-A30.   Further, petitioner asserted his in <u>pro</u> <u>se</u> submission to the Minnesota Court of Appeals that the trial court did not ensure that he understood the nature of the charges against him, including the resulting relinquishment of constitutional rights, (<u>id.</u>, A31), and although he did not identify what constitutional rights were relinquished or violated by the trial court's actions or inaction, arguably this Court could find that this claim is subsumed within the First Ground of the Second Amended Petition.   However, there was no other mention of any federal constitutional rights implicated in his case, that related to Grounds Two, Four and Five of the Second Amended Petition, and more critically, even if this Court assumed that petitioner adequately raised federal constitutional claims to the Minnesota Court of Appeals as to Grounds One and Three of the Second Amended Petition, his failure to make any mention of any federal constitutional basis in his Petition for Review to the Minnesota Supreme Court is fatal.

Based on these facts, this Court finds that petitioner did not fairly present his federal constitutional claims to the Minnesota Supreme Court before seeking relief in federal court as to all of the grounds listed in the Second Amended Petition.

If a petition contains claims that have not been exhausted, the court must then determine if those claims are procedurally defaulted, meaning that the petitioner would be precluded by state law from pursuing his state court remedies.   A constitutional claim is procedurally defaulted if the state courts will no longer review it because an independent and adequate state procedural rule precludes further litigation of the claim.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991).   Under Minnesota law, "where direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be

considered upon a subsequent petition for postconviction relief." State v. Knaffla, 243 N.W.2d 737, 741 (1976). However, there are two exceptions to the Knaffla rule: First, if a claim is known to the petitioner at the time of an appeal but is not raised, it will not be barred if its novelty was so great that its legal basis was not reasonably available when the direct appeal was taken; and second, even if the claim's legal basis was sufficiently available, when fairness so requires the review and the petitioner did not deliberately and inexcusably fail to raise the issue on direct appeal. See Townsend v. State, 723 N.W.2d 14, 18 (Minn. 2006) (citations omitted).

If the court determines that a petitioner has not exhausted his claims in state court and is procedurally precluded from doing so, federal habeas review is barred unless he can demonstrate cause and prejudice for the default, or that the failure to consider the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him. . . . For example, 'a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . or that 'some interference by officials' . . . made compliance impracticable, would constitute cause under this standard.'" Id. at 753 (citations omitted). "To demonstrate prejudice, a petitioner must show, 'not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Thomas v. Norris, No. 5:04cv00367 JWC, 2007 WL 2351002 at *9 (E.D. Ark. 2007) (quoting United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis in original), citing Carroll v. Schiro, 243 F.3d 1097, 1102 (8th Cir. 2001)); Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999) (same); Jennings v. Purkett, 7 F.3d 779, 782 (8th Cir. 1993) (same).

The miscarriage of justice exception is only available to a petitioner who has demonstrated that a constitutional violation has probably resulted in the conviction of an innocent person. Id.  In order to establish this exception, the petitioner must show, "based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995), cert. denied, 516 U.S. 1161 (1996) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)); see also Johnson v. Norris, 170 F.3d 816, 817-18 (8th Cir. 1999) (quoting same)) ("To benefit from this exception to the principle of procedural bar, Ms. Johnson must produce 'new reliable evidence . . . not presented at trial,' that is so forceful that 'it is more likely than not that no reasonable [trier of fact] would have convicted [her] in the light of the new evidence.'").

If a petitioner is unable to show cause and prejudice, or a miscarriage of justice, the procedural default cannot be excused, and the court will deny the petition without addressing the merits of the claim. Carney v. Fabian, 441 F. Supp.2d 1014, 1029 (D. Minn. 2006).

This Court finds that petitioner has procedurally defaulted on all of the grounds raised in his Second Amended Petition, and he has not satisfied the requirements to excuse the procedural default.

 Under Minnesota law, petitioner is precluded from returning to state court to raise a federal constitutional claim after a direct appeal where there is no evidence that his federal claims were unknown or were so novel that their legal basis was unknown at the time of direct appeal. See McCall, 114 F.3d at 757-58 (citing Knaffla, 243 N.W.2d at 737) (finding that once the petitioner has directly appealed his sentence "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief.").  All of the grounds in the Second Amended Petition are derived from

his brief and his <u>pro</u> <u>se</u> submission to the Minnesota Court of Appeals and thus, there is no reason why petitioner could not have raised any constitutional claims[3] dealing with these issues to the Minnesota Court of Appeals and the Minnesota Supreme Court.  Further, neither of the two exceptions to the <u>Knaffla</u> rule apply.  There is nothing in the record to suggest that any possible constitutional claim was so novel that they were not reasonably available when the direct appeal was taken, or something external to the petitioner caused him not to raise a constitutional claim.  Petitioner blamed his appellate counsel for not raising any constitutional grounds to the Minnesota Court Supreme Court and for failing to attach his <u>pro</u> <u>se</u> submission to the Minnesota Court of Appeals to the petition for review to the Minnesota Supreme Court.  However, there was nothing to stop petitioner from submitting a <u>pro</u> <u>se</u> submission to the Minnesota Supreme Court to raise a constitutional claim, similar to what he did in his submission the Court of Appeals.  Further, even if appellate counsel had attached his <u>pro</u> <u>se</u> submission to Minnesota Court of Appeals to the appendix of the petition for review to the Minnesota Supreme Court, this would not have been sufficient to satisfy the requirement of presentment of a federal claim to the highest state court.  <u>See</u> <u>Fraction v. Minnesota</u>, 678 F. Supp.2d 908, 919-21 (D. Minn. 2008) (finding that attaching a brief to Minnesota Court of Appeals, containing a constitutional challenge, to the petition for review to the Minnesota Supreme Court does not by itself fairly present a federal constitutional challenge to the Minnesota Supreme Court); <u>see</u> <u>also</u> <u>Crowell v. Fabian</u>, Civ. No. 08-6355 (DWF/JSM), 2009 WL 3806412 at *7 (D. Minn. Nov 12, 2009) ("As other Courts in this District have held, 'incorporation' of a lower court decision or briefs submitted to such a lower court, without identifying the federal issue in the petition for

---

[3]      This Court acknowledges that it is difficult to ascertain the constitutional questions at issue in the Second Amended Petition, as petitioner has not set forth any constitutional basis for relief.

review, is insufficient to fairly present a federal claim for the purposes of exhaustion.") (collecting cases).

Because petitioner has failed to satisfy the cause component of the cause and prejudice requirement, it is unnecessary to address the prejudice component. Ashker v. Class, 152 F.3d 863, 871 (8th Cir. 1998) (when petitioner "has not shown adequate cause to overcome the procedural bar . . . we need not consider the issue of actual prejudice"); Sweet v. Delo, 125 F.3d 1144, 1151 (8th Cir.), cert. denied, 523 U.S. 1010 (1998) (same).

Petitioner also does not qualify for the application of the "actual innocence" exception because he has offered no new evidence to affirmatively demonstrate that he did not commit the offenses found by the jury in his case. Petitioner is not even challenging his innocence; only the propriety of his guilty plea is at issue in the Second Amended Petition. To qualify for the actual innocence exception, petitioner would have to present some compelling new evidence, which would conclusively establish that he is, in fact, innocent of the crimes found by the jury. For purposes of showing actual innocence, "'evidence is new only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence.'" Johnson v. Norris, 170 F.3d 816, 817 (8th Cir. 1999), quoting Armine v. Bowersox, 128 F.3d 1222, 1230 (8th Cir.) (en banc), cert. denied, 523 U.S. 1123 (1998); see also Cox, 398 F.3d 1025 at 1031 (successful demonstrations of actual innocence are "rare and limited," because the actual innocence exception is "permitted only for 'truly persuasive demonstrations of actual innocence,' based on reliable new evidence which shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner] in light of the new evidence'") (citations omitted). Therefore, petitioner's procedurally defaulted claims cannot be entertained under the actual innocence exception.

## III.    CONCLUSION

For the reasons discussed above, the Court concludes that petitioner cannot be granted a writ of habeas corpus on any of the grounds raised in his Second Amended Petition.  All of his claims are unexhausted and have been procedurally defaulted.  Further, petitioner has not shown legally sufficient cause and prejudice to excuse his procedural default, and he has not presented any clear and convincing new evidence to prove he is actually innocent.  The procedural default cannot be excused, and this action must be dismissed with prejudice.

## IV.    CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition by a district court unless he is granted a Certificate of Appealability, ("COA").  See 8 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).   In order to obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). In order to make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

Here, the Court finds that it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide petitioner's claims with regards to exhaustion and procedural default any differently than they have been decided here.  Petitioner has set forth, nor can the Court independently discern, anything in petitioner's matter that warrants appellate review.  Therefore, it is recommended that petitioner should not be granted a COA as it pertains to the Second Amended Petition.

**V.      RECOMMENDATION**

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.      Petitioner's Second Amended Petition for habeas corpus relief under 28 U.S.C. § 2254.  [Docket No. 9], be **DENIED**; and

2.      This action be **DISMISSED WITH PREJUDICE**.

3.      It is further recommended, pursuant to 28 U.S.C. § 2253(c), that a Certificate of Appealability not be issued.

Dated:   July 28, 2011

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 11, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.